# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case No.  16-3834

RICHARD DUNCAN
Appellant

OMNI INSURANCE COMPANY
Appellee

*Appeal from an Order and Opinion entered on September 28, 2016 in the United States District Court for the Eastern District of Pennsylvania; No. 16-1489 Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendant's Motion for Summary Judgment; Order entered on October 4, 2016  denying Reconsideration*

## REPLY BRIEF OF APPELLANT,
## RICHARD DUNCAN

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.
James C. Haggerty, Esquire; I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6609

KELLY & HERRON, P.C.
Kevin P. Kelly, Esquire
1500 Market Street
Centre Square – West Tower
Suite W-3110
Philadelphia, PA  19102
(215) 972-1500

## TABLE OF CONTENTS

TABLE OF CONTENTS ………………………….………………………i

TABLE OF CITATIONS …...………………………….………………...ii

ARGUMENT ……………………………………………………..........1

CONCLUSION……………………………………………………...…..3

CERTIFICATE OF COMPLIANCE ……………………………………5

CERTIFICATE OF SERVICE…………………………………………..8

## **TABLE OF CITATIONS**

**Page**

**Statutes**

75 Pa.C.S.A. § 1574(d)…………………………………………….…     1-3

75 Pa.C.S.A. § 1786……...……………………………………………..     1

## ARGUMENT

In the present action, the defendant, Omni Insurance Company, focuses upon the application of the unlicensed operator exclusion to vehicle operators, rather than vehicle owners. In fact, in its Brief, the Omni Insurance Company specifically states:

> The District Court correctly held that § 1786, and the cases interpreting it, do not require extending coverage to unlicensed drivers in the face of a clear policy exclusion.

Brief of Defendant/Appellee, Omni Insurance Company, p. 17. That is not the issue in this case. At issue is whether the unlicensed driver exclusion may be applied to the *owner* of the motor vehicle in light of the specific directives of Pennsylvania law and the public policy of the Commonwealth.[1]

The unlicensed operator exclusion, when applied to a vehicle *owner*, violates § 1574 of the Motor Vehicle Code, 75 Pa.C.S.A. § 1574. Section 1574 of the Motor Vehicle Code prohibits a vehicle owner from allowing his or her vehicle to be operated by an unlicensed driver. Any person who permits such unlicensed

---

[1] Omni contends that Richard Duncan raises new arguments in his Brief. This is not so. In his Brief, Richard Duncan does *not* raise a new argument under § 1786(d) of the Financial Responsibility Law and does not abandon the § 1786(f) argument. Instead, the Brief of Appellant, Richard Duncan, contained a typographical error, referencing § 1786(d) when, in fact, it meant to reference § 1786(f). No new arguments are raised. No prior arguments have been abandoned. Highlighting a typographical error in this way is disappointing.

1

operation of his or her vehicle is jointly and severally liable with the driver for any damages caused by the driver's negligence. Contrary to the assertion of the defendant, Omni Insurance Company, this statutory provision imposes direct liability upon the vehicle owner.[2] Further, the Complaint in the underlying action specifically sets forth a claim for violation of § 1574(b) of the Vehicle Code, namely allowing an unlicensed driver to operate the vehicle. The underlying action set forth a claim under the statutory provision enacted by the Legislature which imposes liability upon vehicle owners. The statements of the defendant are without merit.

The application of the unlicensed operator exclusion to vehicle owners frustrates the intent of the Legislature in enacting § 1574. It is inconceivable that the Pennsylvania Legislature would enact § 1574 to impose liability upon the owner of the vehicle while, at the same time, allowing the insurers to eliminate insurance coverage for such a violation through a policy exclusion. The Legislature created a remedy to insure compensation to motor vehicle accident victims. Vehicle owners are jointly and severally liable for knowingly permitting an unlicensed driver to operate his or her vehicle. Contrary to the assertions of the Omni Insurance

---

[2] The cases concluding that § 1574 imposes vicarious liability upon the vehicle owner misconstrues the statute. Section 1574(b) renders a vehicle owner "jointly and severally liable", not vicariously liable. This is direct liability.

2

Company, § 1574 does require knowledge of the unlicensed operation by the owner. In its Brief, the Omni Insurance Company states that "liability under § 1574 does not require negligence – or even knowledge – on the part of the owner." Brief of Defendant/Appellee, Omni Insurance Company, p. 23.    In fact, § 1574 imposes liability upon an owner who authorizes or permits an unlicensed individual to operate his or her vehicle.  Again, the Omni Insurance Company misses the point.

## CONCLUSION

In this case, at issue is the validity and enforceability of the unlicensed operator exclusion when applied to the *owner* of the vehicle,  not the unlicensed operator.   This important issue, which the Omni Insurance Company does not address in its Brief and which the Trial Court did not focus upon, is the crux of this case.  The unlicensed operator exclusion, when applied to the *owner* of the vehicle is violative of the Pennsylvania Motor Vehicle Code and the public policy of the Commonwealth.  Therefore, it is respectfully requested that the decision of the Trial

Court be reversed. The owner is liable. His or her insurance applies to this liability. It cannot be eliminated by a policy exclusion.[3]

Respectfully Submitted,

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY: _____

James C. Haggerty, Esquire
Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 350-6600

KELLY & HERRON, P.C.

BY: _____

KEVIN P. KELLY, Esquire
PA Attorney I.D. # 28306
1500 Market Street
Centre Square – West Tower
Suite W-3110
Philadelphia, PA  19102
Attorney for Plaintiff/Appellant

---

[3]  Since this issue is one of first impression under state law, certification to the Supreme Court of Pennsylvania has been requested.  The fact that counsel for the plaintiff has requested certification in other state law insurance coverage cases – matters that were instituted in state court and removed to Federal Court – is of no consequence and is a meaningless argument.  It merely demonstrates that counsel is involved in important coverage issues and is knowledgeable about the appellate rules and procedures.

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with the Local Rules of Appellate Procedure for the United States Court of Appeals for the Third Circuit, Rule 28.3(d), counsel for the Appellant, Richard Duncan, certifies that he is a member of the bar of the United States Court of Appeals for the Third Circuit.

Pursuant to the Federal Rules of Appellate Procedure, Rule 32(a)(7)(C), counsel for the Appellant, Richard Duncan, certifies that this Reply Brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 760 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

Counsel for the Appellant, Richard Duncan, certifies that this Reply Brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2010 version of Microsoft Word in 14 point Times New Roman font.

Counsel for the Appellant, Richard Duncan, certifies that this brief complies with the service requirements of the Local Rules of Appellate Procedure for the

5

United States Court of Appeals for the Third Circuit, Rule 31.1(a), because counsel

for the Appellee, has consented to electronic service pursuant to Local Rules of

Appellate Procedure for the United States Court of Appeals for the Third Circuit,

Rule, 31.1(d).

Counsel for the Appellant, Richard Duncan, certifies that this Reply Brief

complies with the electronic filing requirements of the Local Rules of Appellate

Procedure for the United States Court of Appeals for the Third Circuit, Rule

31.1(c), because the text of this electronic brief is identical to the text of the paper

copies, and the Symantec anti virus corporate version 2013 has been run on the file

containing the electronic version of this Reply Brief and no viruses have been

detected.

> HAGGERTY, GOLDBERG,
> SCHLEIFER & KUPERSMITH, P.C.
>
> BY: _____
> James. C. Haggerty, Esquire
> Attorney I.D. # 30003
> 1835 Market Street, Suite 2700
> Philadelphia, PA 19103
> (267) 350-6600
>
> KELLY & HERRON, P.C.
>
> BY: _____
> Kevin P. Kelly, Esquire
> PA Attorney I.D. # 28306
> 1500 Market Street
> Centre Square – West Tower
> Suite W-3110
> Philadelphia, PA  19102
>
> Attorneys for Plaintiff/Appellant

## CERTIFICATE OF SERVICE

I, James C. Haggerty, certify that I have, on this 23rd day of March, 2017, served a copy of the foregoing Reply Brief of Appellant via first class mail and electronic filing and electronic service in accordance with Local Rules of Appellate Procedure, Rule 31.1 upon the counsel listed below:

The Honorable Harvey Bartle, III
United States District Court
For the Eastern District of Pennsylvania
Room 16614
601 Market Street
Philadelphia, Pa  19106

Bruce Morrison, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA  19103

8

Kevin Kelly, Esquire
Kelly & Herron, P.C.
1500 Market Street
Centre Square - West Tower
Suite W-3110
Philadelphia, PA 19102


HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY: _____
James C. Haggerty, Esquire
Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 350-6600

Attorney for Plaintiff/Appellant

9